■ In the Matter of CHRISTOPHER GG., Appellant, v MISSY HH., Respondent. [788 NYS2d 624]—

Crew III, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered November 5, 2003, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 5, to vacate a prior order of filiation.

The parties ended their brief sexual relationship in December 1998 and, in July 1999, respondent gave birth to a daughter. Thereafter, in October 1999, upon petitioner's admission of paternity, an order of filiation was entered declaring petitioner to be the father of the subject child.* Questions thereafter arose, however, as to whether petitioner indeed was the biological father of respondent's child, prompting petitioner to commence this proceeding seeking, among other things, court-ordered DNA testing. Family Court denied petitioner's application and this appeal ensued.

While this appeal was pending, a Herkimer County Support Magistrate ordered that the parties and the child submit to genetic marker testing. Inasmuch as petitioner has now obtained the primary relief sought in this proceeding, the instant appeal is moot. As we are unable to discern any exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]), petitioner's appeal is dismissed.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

* As a transcript of the filiation proceeding is not contained in the record on appeal, it is unclear whether, prior to admitting paternity, petitioner was advised of his right to DNA testing pursuant to Family Ct Act § 532.